UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                               Plaintiff,                           **REPORT AND**
                                                                          **RECOMMENDATION**
          -against-                                          CV 19-539 (DRH)(AYS)

PETA-GAYE T. GORDON AKA PETA-
GAYE GORDON, EVADNEY D. GORDON,
AMERICAN SURETY COMPANY,

                               Defendants.
----------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

       This is an action to foreclose on a residential mortgage. Presently before the Court, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Plaintiff Freedom Mortgage Corporation's ("Freedom" or "Plaintiff") motion for summary judgment and default judgment of foreclosure and sale. See Docket Entry ("DE") [29]. By way of a Complaint dated January 29, 2019, Plaintiff commenced this foreclosure action against Defendants Peta-Gaye T. Gordon AKA Peta-Gaye Gordon ("Peta-Gaye Gordon"), Evadney D. Gordon ("Evadney Gordon") (collectively the "Gordon Defendants") and American Surety Company ("ASC"), seeking, among other things, to foreclose on a mortgage encumbering the real property located at 18 Mill Lane, Medford, NY 11763 (the "Subject Property"). See DE [1]. For the following reasons, this Court respectfully recommends that the motion be granted in its entirety.

FACTUAL BACKGROUND

I.     Basis of Facts Recited Herein

       In support of its motion, Plaintiff properly filed a statement of facts in accord with Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 56.1").

Rule 56.1 requires the party opposing summary judgment to submit their own counterstatement of facts, setting forth areas of agreement, as well as those as to which there is dispute. As further required by Rule 56.1, each statement set forth by the moving party is "deemed admitted for purposes of the motion [for summary judgment] unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Loc. Civ. R. 56.1(c).

The Gordon Defendants have not submitted a Rule 56.1 counter-statement. Instead, they submit only an "Affidavit in Opposition" signed by their attorney and accompanying exhibits. None of the documents submitted by the Gordon Defendants specifically correspond to Plaintiff's Rule 56.1 Statement. Because Defendants have failed to comply with Rule 56.1, the relevant facts, as set forth below, are deemed admitted, and are therefore taken solely from Plaintiff's Rule 56.1 Statement and from the record of this case. See Giannullo, 322 F.3d 139, 140 (2d Cir. 2003); Nassar Family Irrevocable Trust v. United States, Nos. 13 Civ. 5680, 13 Civ. 8174, 2016 WL 5793737, at *1 n.2 (S.D.N.Y. Sept. 30, 2016) ("Because Nassar has failed to file a response [to Defendant's Rule 56.1 Statement], all facts set forth in the Government's statement are deemed admitted in deciding the instant motion."); Luizzi v. Pro Transport Inc., No. 02 CV 5388, 2009 WL 252076, at * 2 (E.D.N.Y. Feb. 2, 2009) ("Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts.").

II.      Facts

On July 29, 2016, Defendant Peta-Gaye Gordon executed and delivered a note (the "Note") to Freedom Mortgage Corporation ("Freedom") in the principal amount of $218,762.00 in connection with the Subject Property. Plaintiff's Rule 56.1 Statement ("Pl.'s 56.1") ¶ 3, DE [31]. On October 4, 2016, Peta-Gaye Gordon added Evadney Gordon as an owner of the Subject Property. Compl. ¶ 12, DE [1]. To secure payment of the principal sum, Peta-Gaye Gordon executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Freedom, a mortgage lien on the Subject Property (the "Mortgage"). See Pl.'s 56.1 ¶ 3. On September 14, 2016 the Mortgage was recorded in the Suffolk County Clerk's Office in Liber 22736 at page 616. See id.; Plaintiff's Declaration in Support of Motion ("Vargas Decl."), Ex. B at 20[1], DE [30-2]. On October 5, 2018, MERS assigned the Mortgage to Freedom. Vargas Decl., Ex. K ¶¶ 3-4, DE [30-11].

Pursuant to the Note and Mortgage, the Gordon Defendants are obligated to make monthly principal and interest payments. See Compl. ¶ 13; Vargas Decl., Ex. B at 1-2, 9-17. If the Gordon Defendants failed to pay any full monthly payment on the date it was due, they would be in default. See id. at 21. If the Gordon Defendants did not cure the default after receiving proper notice, the Note and the Mortgage allow Plaintiff to accelerate the loan and demand immediate payment in full of all outstanding principle and interest. See Vargas Decl., Ex. B at 16-17. Failure to make immediate payment in full allows Plaintiff to bring a lawsuit to extinguish the Gordon Defendants' interest and sell the Subject Property. See id. at 17.

---

1. For ease of reference, page numbers referenced herein are numbers assigned to pages on electronically filed documents, and not to the underlying documents themselves except for page numbers referenced in cases.

at 24.

Consistent with these terms, Plaintiff alleges that the Gordon Defendants failed to make the July 1, 2018 payment as well as subsequent payment installments. Pl.'s 56.1 ¶ 5. On July 6, 2018, Plaintiff sent the Gordon Defendants a ninety-day pre-foreclosure notice as required by N.Y. Real Prop. Act. § 1304. See Pl.'s 56.1 ¶ 6; Vargas Decl., Ex. K. Plaintiff filed its ninety-day foreclosure notice with the New York State Department of Financial Services as required by N.Y. Real Prop. Act. § 1306. See Pl.'s 56.1 ¶ 7. Further, on November 15, 2018, Plaintiff mailed Peta-Gaye Gordon a Notice of Default as required by the Mortgage. Id. ¶ 8.

Plaintiff alleges that ASC is the holder of a judgment lien that is subject and subordinate to the Plaintiff's Mortgage and is therefore a necessary party pursuant to RPAPL ¶ 1311(3). See Compl. ¶ 6.

As set forth above, by way of Complaint dated January 29, 2019, Plaintiff commenced this action against Defendants, seeking a Judgment of Foreclosure and Sale for the Subject Property. See Compl. ¶ 1, 27, DE [1]. According to Plaintiff, the Gordon Defendants own the Subject Property, although Peta-Gaye Gordon is the sole mortgagor. Plaintiff also alleges that ASC is the holder of a judgment lien that is subject and subordinate to the Plaintiff's Mortgage and is therefore a necessary party pursuant to RPAPL ¶ 1311(3). See Compl. ¶ 6.

Summons were issued. DE [5]. Plaintiff served all three Defendants on February 7, 2019. See DE [6], [7], [8]. On March 6, 2019, at Plaintiff's request, see DE [10] the Clerk of the Court entered default against all three Defendants when Defendants failed to answer or otherwise respond to the Complaint. See DE [11]. However, on March 8, 2019 and March 13, 2009

respectively, Evadney Gordon and Peta-Gaye Gordon filed Answers to the Complaint.[2] See DE [12], [13].

Following a period of discovery between Plaintiff and the Gordon Defendants, on March 11, 2020, Plaintiff filed the instant motion for summary judgment against the Gordon Defendants, default judgment against ASC, entry of a Judgment of Foreclosure and Sale and appointment of a referee to effectuate the sale of the Subject Property pursuant to the terms of a proposed form of judgment, and dismissal of the Gordon Defendants' twenty-two affirmative defenses and five counterclaims.. See Vargas Decl., Ex. O, DE [30-15].

DISCUSSION

I.  Summary Judgment Motion

   A.  Legal Principles: Standards on Summary Judgment

Summary judgment is appropriately granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted). "A fact is material if it 'might affect the outcome of the suit under the governing law[.]'" Baldwin v. EMI

---

2. The Court notes that attorney William Grausso has filed a notice of appearance and submitted an Answer on behalf of both Gordon Defendants. However, the opposition to the instant motion is solely submitted on behalf of Peta-Gaye Gordon, although a review of the docket reflects that to date, Mr. Grausso continues to represent Evadney Gordon.

5

Feist Catalog, Inc., 805 F.3d 18, 25 (2d Cir. 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505)).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted). Thus, the Court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Davis-Garett v. Urban Outfitters, Inc., 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation omitted).

"A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Pollard v. New York Methodist Hosp., 861 F.3d 374, 378 (2d Cir. 2017) (quoting Anderson, 477 U.S. at 248, 106 S. Ct. 2505). The burden of showing an absence of genuine dispute as to a material fact lies with the moving party. CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." Lyons v. Lancer Ins. Co., 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted).

"'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012) (quoting Anderson, 477 U.S. at 252); and "[a] court cannot credit . . . merely speculative or conclusory assertions." DiStiso v. Cook, 691 F.3d 226, 230 (2d Cir. 2012); see also Federal Trade Comm'n v. Moses, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for

6

summary judgment."); Flores v. United States, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" (quotations, alterations and citations omitted)).

With these standards in mind, the Court turns to discuss the legal principles to be applied and the merits Plaintiff's summary judgment motion.

### B.     Law Applicable to Plaintiff's Claims

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." Gustavia Home, LLC v. Hoyer, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quoting United States v. Paugh, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004)); see also Builders Bank v. Charm Devs. II, LLC, Nos. 09-CV-3935, 09-CV-4410, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note.") (quotation omitted).

### C.     Disposition of the Motion

Plaintiff has proven the first two elements of its foreclosure claim: the existence of an obligation secured by a mortgage and a default on that obligation by the debtor. Defendant Peta-Gaye Gordon's sole argument on this motion is that he never received proper notice of the default as required by the mortgage. See Affirmation in Opposition ("Opp.") at 4-10, DE [32].

In New York, "failure to comply with a condition precedent enumerated in a mortgage agreement is an affirmative defense to a mortgage foreclosure action." OneWest Bank, NA v.

7

Rubio, No. 14-CV-3800, 2015 WL 5037111, at *2 (S.D.N.Y. Aug. 26, 2015). Compliance with a condition precedent, such as mailing a notice of default, may not be established merely by "unsubstantiated and conclusory" allegations. GMAC Mortg., LLC v. Bell, 11 N.Y.S.3d 73, 74 (App. Div. 2015) ("We agree with the mortgagor defendants that this affidavit, which asserted that the notice of default was sent in accordance with the terms of the mortgage, was unsubstantiated and conclusory...."); see also Wells Fargo Bank, N.A. v. Eisler, 988 N.Y.S.2d 682, 683 (App. Div. 2014) ("The unsubstantiated and conclusory statements in this affidavit, which indicated that the required notice of default was sent in accordance with the terms of the mortgage, combined with the copy of the notice of default, failed to show that the required notice was mailed by first class mail or actually delivered to the notice address if sent by other means, as required by the mortgage agreement."); HSBC Mortg. Corp. (USA) v. Gerber, 955 N.Y.S.2d 131, 132 (App. Div. 2012) (same).

Here, contrary to Defendant Peta-Gaye Gordon's contention, Plaintiff has not produced merely "unsubstantiated and conclusory" allegations of compliance. Instead, Plaintiff has offered two employee affidavits, that of Lisa K. Thomas, a Foreclosure Specialist III of Freedom Mortgage Corporation ("Thomas Affidavit") and the Affidavit of Plaintiff of Erica D. Tracy ("Tracy Affidavit"), both attesting that they are familiar with the business records maintained by Plaintiff, that they have personal knowledge of the operation and the circumstances surrounding Plaintiff's record keeping systems and that those records are made contemporaneously, and that they have personally examined those business records to confirm that a notice of default was mailed to Peta-Gaye Gordon on July 6, 2018 and November 15, 2018. See Thomas Affidavit, DE [34-1]; Tracey Affidavit, DE [30-10]. The Gordon Defendants have not contested that any portion of these affidavits are untruthful or that Ms. Thomas or Ms. Tracey are incompetent to

8

give such testimony and have not even submitted an affidavit disputing that the notice of default was mailed to them. Courts have not hesitated to grant summary judgment in similar circumstances.

The Court first notes that the Affirmation in Opposition to this motion is submitted by Attorney Grausso and not by Defendant Peta-Gaye Gordon. See Opp. This is vital because Mr. Grausso does not have first-hand knowledge concerning Plaintiff's compliance with the notice requirements and therefore the affirmation is inadmissible hearsay pursuant to Fed. R. Civ. P. §56(c)(4). See Fed. R. Civ. P. §56(c)(4) (an affidavit or declaration used to oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated).

Next, Peta-Gaye Gordon's argument fails because Plaintiff has clearly established that notice was provided to the Gordon Defendants. Plaintiff mailed the Gordon Defendants a RPAPL §1304 ninety-day pre-foreclosure notice on July 6, 2018 via certified and first-class mail to the mortgaged property address. Plaintiff also filed the RPAPL §1306 notice with the Superintendent of Financial Services on July 6, 2018, and Plaintiff mailed the Gordon Defendants a notice of default dated November 15, 2018 via first class mail to the mortgaged property address.

Defendant Peta-Gaye Gordon contends that the Thomas Affidavit and Tracy Affidavits are insufficient to prove the notice was addressed and mailed to Peta-Gaye Gordon. However, the Thomas and Tracy Affidavits were made based upon the Plaintiff's business records, which show the notices dated July 6, 2018 and November 15, 2018 were mailed to Peta-Gaye Gordon. See Thomas Affidavit, DE [34-1]; Tracey Affidavit, DE [30-10]; see also IndyMac Bank, FSB v. Kamen, 68 A.D. 3d 931 (N.Y. App. Div. 2d Dep't. 2009); CIT Bank, N.A. v. Portfolio Recovery

9

Assocs., LLC, 2017 WL 2819867, at *10-11 (S.D.N.Y. June, 28, 2017) (finding that plaintiff's affidavit from an employee with personal knowledge of the servicing records maintained by the plaintiff and a copy of the notice of default itself proved it mailed a foreclosure notice to a defendant mortgagor); CIT Bank, N.A. v. Schiffman, 948 F. 3d 529, 534 (2d Cir. 2020) (plaintiff's employee's affidavit demonstrated pre-foreclosure notices were properly addressed and mailed to the mortgagor defendants); Wells Fargo Bank, N.A. v. Ullah, 2015 WL 3735230, at *8-9 (S.D.N.Y. June 15, 2015) (holding that plaintiff satisfied the service requirements under RPAPL § 1304 by providing a sworn affidavit from its loan officer describing the particular process followed by the business for mailing such notices as well as a copy of the record that the notice was sent).

Here, as in Portfolio Recovery Assocs., LLC, Plaintiff has offered an affidavit from its employee with personal knowledge of the servicing records maintained by the Plaintiff, a copy of the notice of default, and computerized business records with notations made to the Defendant's loan file that indicate the notice was mailed to the Defendant on a certain date. Portfolio Recovery Assocs., LLC, 2017 WL 2819867 at *12. Like the mortgagor defendant in Portfolio Recovery Assocs., LLC, Peta-Gaye Gordon failed to submit a Fed. R. Civ. P. §56(c)(4) affidavit contesting that the notice was sent or received or any other evidence that the notice of default was not mailed as described in the Plaintiff's Affidavits. Id. In the absence of even a scintilla of evidence that the notice of default was not mailed out as described in the affidavits, the Court finds that there is no triable issue of fact with respect to Plaintiff's compliance with the condition precedent requiring that notice of default be mailed to the Gordon Defendants.

Accordingly, the Court respectfully recommends that Plaintiff's motion for summary judgment be granted.

10

II.     Motion for Default Judgment of Foreclosure and Sale

    A.     Applicable Legal Standard

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides a two-step process. See Fed. R. Civ. P. 55; Priestly v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. See id. Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." Allstate Ins. Co. v. Howell, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "unconverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14-cv-04657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015). Accordingly, the district court must determine whether the plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[Prior to entering

default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

In the event liability is established, the court must ascertain damages with "reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). An evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991).

### B.  Default Against ASC

Plaintiff moves for entry of default judgment against Defendant ASC because it is the holder of lien encumbering the Subject Property that is subordinate to Plaintiff's Mortgage. See Compl. ¶ 6. ASC was served with process, see DE [6], and failed to answer or otherwise respond to the complaint. Accordingly, the Clerk of the Court noted ASC's default. See DE [11]. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, following the clerk's entry of default, the court has the discretion on plaintiff's motion to enter a default judgment.

New York Real Property Actions and Proceedings Law § 1331 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." § 1311(3). This rule "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." N.C. Venture I, L.P. v. Complete Analysis, Inc., 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005) (quoting Polish Nat'l Alliance v. White Eagle Hall Co., 98 A.D.2d 400, 470

12

N.Y.S.2d 642, 646 (2d Dep't 1983)). Where a necessary party is not joined, that "party's rights are unaffected by the judgment of foreclosure and sale." In re Oligbo, 328 B.R. 619, 640 (Bankr. E.D.N.Y. 2005).

Courts have found that entry of a default judgment under Fed. R. Civ. P. 55 is appropriate where the complaint alleges "nominal liability—i.e., that any judgments the Defaulting Defendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien." Christiana Bank & Trust Co. v. Dalton, 2009 WL 4016507, at * 5 (E.D.N.Y. Nov.17, 2009); see also Greystone Bank v. Skyline Woods Realty, LLC, 817 F. Supp. 2d 57, 66 (N.D.N.Y. 2011); First Trade Union Bank v. Formerly 8th St., LLC, 2011 WL 3877077 (E.D.N.Y. Aug.13, 2011); Debcon Fin. Servs., Inc. v. Orange Realty Corp., 2005 WL 1606393 (E.D.N.Y. Feb.16, 2005); Fed. Home Mortg. Corp. v. 41–50 78th St. Corp., 1997 WL 177862 (E.D.N.Y. April 4, 1997).

Here, Plaintiff has adequately demonstrated that ASC has or may claim an interest in the Subject Property by virtue of the lien it holds. See Compl. ¶ 6. According to Plaintiff, ASC's interest in the Property "is subject and subordinate to Plaintiff's Mortgage." Id. ASC was properly served with the Summons and Complaint in this action, but failed to answer or otherwise respond, resulting in the entry of default. See DE [6], DE [11]. As such, Plaintiff's allegations of liability against ASC are deemed conceded. See Greyhound., 973 F.2d at 158. Because Plaintiff's well-pleaded allegations establish that any liens or other interests that ASC have against the Subject Property are subordinate to the Mortgage, Plaintiff has established the nominal liability of these defendants. See, e.g., Beach, 2014 WL 923151, at *8; Christiana Bank, 2009 WL 4016507, at *5.

13

Accordingly, the Court respectfully recommends that a default judgment be entered against ASC, and that its interest in the Subject Property be terminated.

III. The Gordon Defendants' Abandoned Claims

As noted above, Plaintiff moves to dismiss the Gordon Defendants twenty-two affirmative defenses and five counterclaims. However, the Gordon Defendants fail to oppose any of Plaintiff's arguments that any of the affirmative defenses or counterclaims should be dismissed. Therefore, the Court deems them abandoned and grants Plaintiff's motion as to those claims. See Reid v. Ingerman Smith LLP, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) citing Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (citation and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion, appearing as Docket Entry No. 28 herein, be granted in its entirety. That Plaintiff be awarded summary judgment against the Gordon Defendants, and default judgment against ASC. The Court further recommends that the Gordon Defendants' twenty-two affirmative defenses and five counterclaims be dismissed, that an Order similar to Plaintiff's Proposed Judgment of Foreclosure and Sale be entered and that a referee be appointed to effectuate the sale.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Plaintiff is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant ASC at their last known address(es) and to file proof of service on ECF by August 13, 2020. Any written objections to this Report and Recommendation must be

filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
August 10, 2020

                                          /s/ Anne Y. Shields
                                          Anne Y. Shields
                                          United States Magistrate Judge