UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                Plaintiff,

- against -

PETA-GAYE T. GORDON AKA PETA-GAYE
GORDON, EVADNEY D. GORDON, AMERICAN
SURETY COMPANY,

                Defendants.
------------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION IN
PART**

2:19-cv-539 (DRH) (AYS)

**HURLEY, Senior District Judge:**

      Presently before the Court is the Report and Recommendations of Magistrate Judge Anne Y. Shields, dated August 10, 2020 (the "R&R") [ECF 36], recommending that the Court grant Plaintiff's motion for summary judgment against Defendants Peta-Gaye T. Gordon AKA Peta-Gaye Gordon and Evadney D. Gordon (together the "Gordon Defendants"), motion for default judgment against American Surety Company ("ASC"), and motion to dismiss the Gordon Defendants' twenty-two affirmative defenses and five counterclaims. More than fourteen (14) days have passed since service of the R&R and no objectives have been filed.

      Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error. As to Plaintiff's motion for summary judgment against the Gordon Defendants, the Magistrate found that "Plaintiff has proven the first two elements of its foreclosure claim: the existence of an obligation secured by a mortgage and a default on that obligation by the debtor" and, on the third element, that "there is no triable issue of fact with respect to Plaintiff's

compliance with the condition precedent requiring that notice of default be mailed to the Gordon Defendants." R&R at 7–10. As to Plaintiff's motion for default judgment against ASC, the Magistrate deemed Plaintiff's allegations of liability against ASC "conceded." *Id.* at 13. And as to Plaintiff's motion to dismiss the Gordon Defendants' affirmative defenses and counterclaims, the Magistrate deemed the defenses and counterclaims "abandoned." *Id.* at 14.

Though the R&R recommended granting Plaintiff's motions in their entirety, it does not address Plaintiff's damages. "Upon a finding of liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" *Eastern Sav. Bank, FSB v. Rabito*, 2012 WL 3544755, at *7 (E.D.N.Y. Aug. 16, 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.").

Without a basis to assess Plaintiff's damages—*e.g.*, the outstanding principal balance, the interest accrued on the outstanding principal—the Court cannot adopt the R&R to the extent it purports to grant such relief. Therefore, the Court must deny Plaintiff's motion with respect to damages. *Assets Recovery Ctr. Inv., LLC v. Smith*, 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015). However, Plaintiff will

be afforded leave to renew the motion so it can provide the Court with a basis to determine damages with "reasonable certainty." *See, e.g.*, *id.*; *OneWest Bank, N.A. v. Hawkins*, 2015 WL 5706945, at *12 (E.D.N.Y. Sept. 2, 2015) ("With respect to plaintiff's remaining requests for damages and attorneys' fees, the Court respectfully recommends the motion for damages be denied at this time without prejudice to resubmitting the request with the additional supporting information and explanation discussed herein."), *adopted* 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015).

Accordingly, the Court ADOPTS the R&R in part.  For the reasons set forth in the R&R, Plaintiff's motion for summary judgment against the Gordon Defendants is GRANTED as to liability, Plaintiff's motion for default against ASC is GRANTED as to liability, and Plaintiff's motion to dismiss the Gordon Defendants' affirmative defenses and five counterclaims is GRANTED.  Plaintiff's motion for summary judgment against the Gordon Defendants is DENIED with respect to damages, and Plaintiff's motion for default judgment against ASC is DENIED with respect to damages.  Plaintiff is GRANTED leave to renew its motions for summary judgment and for default judgment within thirty (30) days.  Any defendant who wishes to oppose Plaintiff's renewed motions may do so within fifteen (15) days of the date the renewed motions are filed.

**SO ORDERED.**

Dated: Central Islip, New York        s/Denis R. Hurley  
       February 8, 2021                Denis R. Hurley  
                                           United States District Judge